# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

ALAN M. BARTLETT,

    Plaintiff,

v.

WASHINGTON STATE BAR ASSOCIATION, *et al.*,

    Defendants.

NO. C19-0113RSL

ORDER REVOKING AUTHORIZATION TO PROCEED IN FORMA PAUPERIS

On March 12, 2019, plaintiff filed a fake order purporting to alter the terms and conditions on which he was granted leave to proceed in forma pauperis in the above-captioned matter. The fake order recites that the Court is "correcting its error," makes findings regarding plaintiff's ability to pay and consent to payment, and vacates a previous order to the extent it directed the agency having custody of plaintiff to calculate and collect an initial partial filing fee and subsequent monthly payments. Plaintiff included a "signature" block that reads:

                                            <u>/s/ Mary Alice Theiler</u>
                                            US Magistrate / US Judge

and instructed the Clerk of Court to docket and distribute the "Order."

Plaintiff was directed to explain his actions. Although his response was timely filed, it is not satisfactory. Plaintiff is apparently unaware that the statute that authorizes the

ORDER - 1

commencement of a civil action without prepayment of the filing fee expressly requires that the Court "assess and, when funds exist, collect" installment payments from prisoners bringing a civil suit until the full amount of the filing fee is paid. 28 U.S.C. § 1915(b). He argues that Judge Theiler's order, which directed the custodial agency to calculate and collect payments as specified in the statute, is itself "fake", some sort of "fraud," and/or exceeds the Court's subject matter jurisdiction.

The Court finds that plaintiff filed a fake document purporting to be a court order in an effort to improve his position in this case, to manipulate the proceedings in his favor, and to gain an advantage above and beyond what was granted by the court. His conduct is unacceptable and unjustified. If plaintiff thought Judge Theiler had made a mistake in directing the custodian to calculate and collect installment payments, he could have and should have requested that the undersigned review the order: instead he chose to abuse the judicial process by issuing his own order in direct contravention to that of the Magistrate Judge.

> It has long been understood that "[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution," powers "which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." U.S. v. Hudson, 7 Cranch 32, 34, 3 L.Ed. 259 (1812); see also Roadway Express, Inc. v. Piper, 447 U.S. 752, 764 (1980) (citing Hudson). For this reason, "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." Anderson v. Dunn, 6 Wheat. 204, 227, 5 L.Ed. 242 (1821); see also Ex parte Robinson, 19 Wall. 505, 510, 22 L.Ed. 205 (1874). These powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 630–631 (1962).

Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). Plaintiff fraudulently attempted to alter the

ORDER - 2

terms of a court order to his benefit: his conduct is far more egregious than failing to be respectful in the courtroom and even exceeds a simple violation of a court order. His conduct is certainly sanctionable. Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001).

The question, then, is what sanction is appropriate. The Court has already stricken the fake document and given plaintiff an opportunity to explain why he chose to submit a document purporting to be an order granting relief rather than filing a motion requesting the relief he desired. Plaintiff's response to the Order to Show Cause establishes that the abuse was willful, that he appears to view his improper conduct as justified, and that filing "motions, declarations, and orders" is his right.[1] These aspects of his response are deeply troubling, suggesting a profound lack of respect for the judicial process. Dismissal of a plaintiff's claims is a permissible sanction in these circumstances because plaintiff "has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings," and he "willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." Anheuser-Busch, Inc. v. Nat. Beverage Distribs., 69 F.3d 337, 348 (9th Cir. 1995) (internal quotation marks and citations omitted). "Because of their very potency, [however], inherent powers must be exercised with restraint and discretion." B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1108 (9th Cir. 2002) (quoting Chambers, 501 U.S. at 44). Before imposing the harsh sanction of dismissal, the Ninth Circuit advises that district courts consider the following factors:

(1) the public's interest in the expeditious resolution of litigation;

(2) the Court's need to manage its dockets;

(3) the risk of prejudice to opposing parties;

---

[1] After calling Judge Theiler's order a "fraud pleading," plaintiff states "4. This is my case, I lodge the motions, declarations, and orders." Dkt. # 11 at 2-3.

ORDER - 3

(4) the public policy favoring disposition of cases on their merits;

(5) the availability of less severe sanctions; and

(6) the party's willfulness, fault, or bad faith.

Leon v. IDX Sys. Corp., 464 F.3d 951, 958 (9th Cir. 2006).

Because this matter has only just begun, plaintiff's abuse of the judicial process has not caused significant delay in the resolution of the litigation or interfered with case management deadlines. No opposing party has yet appeared in the case or been prejudiced by plaintiff's conduct. These considerations favor a less drastic sanction than dismissal. On the other hand, plaintiff's production and filing of a fake order was willful and is an egregious abuse of the judicial process which, left undetected and unchecked, would effectively nullify the adversarial process and the role of impartial decisionmakers in our judicial system. As for alternatives to dismissal, plaintiff's impecuniary status means that a monetary sanction would be unproductive. His response to the Order to Show Cause shows that censure will have little impact. Alternative sanctions are therefore rather sparse and consist primarily of (a) withdrawal of the previously-granted permission to commence this litigation without prepayment of the filing fee or (b) outright dismissal. Because plaintiff has no funds, the withdrawal of in forma pauperis status will likely result in dismissal of the case.

As to the last of the Leon considerations, the Court finds that the balance of public policies regarding disposition of claims on the merits favors dismissal in the circumstances presented here. When the Court grants in forma pauperis status, the proposed complaint is subject to immediate review under 28 U.S.C. § 1915(d). "Section 1915(d) is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the

ORDER - 4

threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."
Neitzke v. Williams, 490 U.S. 319, 327 (1989).

In this litigation, plaintiff seeks to hold the Washington State Bar Association ("WSBA") liable for violations of the Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff alleges that the WSBA failed to adequately investigate and declined to conduct an evidentiary hearing regarding his complaint of criminal and ethical violations against his former attorney. Plaintiff's constitutional claims are indisputably meritless. Depending on their authorizations and activities, courts have found that state bar associations are private trade organizations that are not state actors for purposes of 42 U.S.C. § 1983[2] (Real Estate Bar Ass'n for Mass., Inc. v. Nat'l Real Estate Info. Servs., 608 F.3d 110, 121-22 (1st Cir. 2010); Lawline v. Am. Bar Ass'n, 956 F.2d 1378, 1384 (7th Cir. 1992)) or, in the alternative, that a bar association's adjudication of attorney disciplinary matters is entitled to quasi-judicial immunity (Hirsh v. Justices of the S. Ct. of the State of Cal., 67 F.3d 708, 715 (9th Cir. 1995)). Even if plaintiff could overcome those hurdles, his constitutional claims are fatally flawed. Any claim under the Eight Amendment fails because that amendment proscribes the imposition of cruel and unusual punishment. There are no factual allegations raising a plausible inference that the WSBA's handling of a complaint of attorney misconduct constitutes "punishment" under the amendment. See Estelle v. Gamble, 429 U.S. 97, 102 (1976) (brief history of the constitutional prohibition of cruel and unusual punishments). Any claim under the Fourteenth Amendment fails because plaintiff does not allege that the WSBA deprived him of life, liberty, or property without

---

[2] The United States Supreme Court has determined that an action under 42 U.S.C. § 1983 is the exclusive remedy for violations of constitutional rights by state officials. Carlson v. Green, 446 U.S. 14, 52 n.18 (1980).

ORDER - 5

due process of law. Plaintiff sought relief from the WSBA for wrongs allegedly committed by a third party, just as a litigant seeks relief from this Court. There is no free-floating right to an evidentiary hearing or trial in these circumstances: absent allegations of partiality or bias on the part of the adjudicator, the fact that a claim is found to be without merit at an early stage in the proceeding does not implicate the due process clause. Where, as is the case here, a claim relies on meritless legal theories or baseless factual contentions, a litigant should not be permitted to proceed under § 1915(d). <u>Neitzke</u>, 490 U.S. at 327.

For all of the foregoing reasons, the Court finds that the withdrawal of the authorization to proceed in forma pauperis is the appropriate sanction for plaintiff's abuse of the judicial process. Having threatened the integrity of these proceedings, plaintiff will not be given the benefit of litigating this case without prepayment of fees. The Order Granting Application to Proceed in Forma Pauperis (Dkt. # 6) is hereby VACATED. Plaintiff shall, on or before May 17, 2019, pay the $400 civil filing fee to Clerk, U.S. District Court, 700 Stewart Street, Suite 2310, Seattle, WA 98101. Failure to do so will result in the dismissal of this action.

Dated this 18th day of April, 2019.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER - 6